UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM D. THOMAS,

                              Plaintiff,

              -against-

JOHN DOE, *et al.*,

                              Defendants.

20-CV-7520 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is currently detained at the Bronx Psychiatric Center, is proceeding *pro se*

and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint contains the following allegations. Between July 5, 2018, and December 2019, while Plaintiff was incarcerated at Green Haven Correctional Facility, the New York State Department of Correction and Community Supervision (DOCCS) denied him adequate medical care for "severe kidney disease." DOCCS medical staff gave Plaintiff generic medication and failed to schedule "special kidney surgery" recommended by a doctor at the Westchester County Medical Center (WCMC). Instead, Dr. Janis inserted stents into Plaintiff's body, causing Plaintiff to get urinary tract infections (UTIs). Dr. Lewit and two John Doe WCMC doctors discharged Plaintiff while he was still suffering from a UTI, and nurses and nurse practitioners at Green Haven determined the treatment he received. (ECF No. 2 at 13-17.)

The complaint suggests that Plaintiff was convicted of a sex offense and is now in civil detention. Defendants Medbury, Griffen, and Morales "told Plaintiff that if he didn't sign a residential treatment agreement they [would] violate" his parole. Plaintiff received a parole violation in May 2019, allegedly for fighting, but "it was really" due to Defendants' "bias" against him. (*Id.* at 17.) Toll, Cabrera, and Gleason violated HIPAA by discussing Plaintiff's mental health status and criminal offense, "so much so that" Toll and Cabrera "would not feed Plaintiff." (*Id.* at 18.) In February 2019, corrections officers assaulted Plaintiff, and Russo, Bey, Goin, and Lt. John Doe "authorized" the assault. Nurse McDonald, who is not named as a defendant, "shot [Plaintiff] with" medication, and they all "laughed" and denied Plaintiff medical treatment for his injuries. Plaintiff was hit in the kidneys and urinated blood for one week. (*Id.* at 18-19.) Edge and other unnamed individuals at Great Meadow Correctional Facility assaulted Plaintiff in May 2020.

The complaint names the following defendants: at Green Haven Correctional Facility, Deputy Superintendent of Medical Baldwin, Dr. Uzu, Facility Health Director Dr. Bentivegna, Dr. Silver, Physician's Assistant (PA) Fullerton, PA Katie Interfino, Nurse Dora Barrito, Correction Officer (CO) Toll, CO Cabrera, Deputy of Security Russo, CO Sergeant Goin, Security Captain Bey, Senior Offender Rehabilitation Coordinator (SORC) Griffen, Offender Rehabilitation Coordinator (ORC) Morales, Office of Mental Health (OMH) Deputy Superintendent Medbury, and OMH practitioner Colleen Gleason/Kirren; at WCMC: Urologist Dr. Goupal, Dr. Lewit, Urologist Dr. Janis, a John Doe urologist; and in the DOCCS Albany office: Regional Health Service Nurse Naysla, four John Does, and Regional Health Director Jane Doe; and at Great Meadow: Correctional Sergeant Edge.

**DISCUSSION**

**A.     Section 1983 and Personal Involvement**

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a § 1983 claim, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff names multiple defendants, but the complaint does not contain facts showing how each individual was personally involved in the events underlying his claims, or how each individual acted in a manner that violated Plaintiff's constitutional rights. The Court grants Plaintiff leave to amend his complaint to provide facts to support his claims against each individual defendant.

**B.      Denial of Medical Care**

The Court construes Plaintiff's complaint as asserting that Defendants deprived Plaintiff of his Eighth Amendment right against cruel and unusual punishment by failing to provide him with adequate medical treatment. A prisoner asserting this type of claim must allege facts showing that prison officials were deliberately indifferent to his serious medical or mental-health needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 32-35 (2d Cir. 2017).

Deliberate indifference is evaluated under a two-pronged test comprised of both objective and "mental element" components. *See Darnell*, 849 F.3d at 30-33; *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that the alleged medical or mental-health need be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("[T]o establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'") (citations omitted). The relevant inquiry is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical [or mental-

health] condition . . . ." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03).

For the "mental element" component, a convicted prisoner must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to [the prisoner's] health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of malpractice or the negligent failure to provide adequate medical or mental-health care do not state a constitutional claim. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

When a complaint alleges that treatment was provided, but it was inadequate, the seriousness inquiry is focused on the alleged inadequacy. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Thus, the relevant concern where a prisoner's claim is based on delay in providing medical treatment is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (explaining that HIV is an admittedly serious medical condition, but the jury was entitled to find that two episodes of missed medication (for a 5-day and a 7-day period) did not pose a significant risk of serious harm).

Courts have found unconstitutional deliberate indifference, for example, when "officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast degenerating' condition for three days; or delayed major surgery for over two years." *Sims v. City of New York*, 19-198-pr (2d Cir. Dec. 17, 2019) (quoting *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (unpublished table decision); *see also Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988) (officials delayed arranging corrective hip surgery

for over two years); *Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984) (officials deliberately delayed care as form of punishment for violations of discipline code or other invalid reasons).

Plaintiff alleges that Defendants gave him generic medication, and instead of authorizing a particular surgery, provided another treatment involving stents, which caused Plaintiff to suffer from UTIs. These facts are insufficient to suggest that the medical attention Plaintiff received was inadequate, that Plaintiff faced a serious risk of harm from the alternative treatment he received, or that any defendant knew or should have known of a serious risk of harm to Plaintiff. Plaintiff's allegations that DOCCS medical personnel may have disputed an outside doctor's diagnosis suggests at most a "mere disagreement over the proper treatment" that does not rise to the level of a constitutional claim for deliberate indifference. *Chance*, 143 F.3d at 703 (holding that a "mere disagreement over the proper treatment" is not actionable under § 1983). Moreover, courts in this Circuit have routinely held that "[t]he decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs." *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y. Dec. 23, 2011; *see also Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (holding that prescribing Motrin rather than stronger pain medication to treat broken wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for deliberate indifference); *Reyes v. Gardener*, 93 Fed. App'x 283, 284 (2d Cir. 2004) (holding that alternative medical plan incorporating weaker pain medication to treat inmate was "mere disagreement over the proper treatment" that failed to state a claim under § 1983) (internal quotation marks omitted).

For these reasons, Plaintiff's current allegations fail to state a claim on which relief can be granted under § 1983 against any defendant. The Court grants Plaintiff leave to replead his claims about the medical treatment he received.

C.      **Other Conditions-of-Confinement Claims**

Plaintiff also alleges that he was assaulted and sometimes not fed. The Court construes these allegations as asserting conditions-of-confinement claims under the Eighth Amendments of the United States Constitution. To state a conditions-of-confinement claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell*, 849 F.3d at 29.

With sufficient facts, allegations of physical assault and being denied food can state viable § 1983 claims. The Court grants Plaintiff leave to provide more specific facts in support of these claims.

D.      **HIPAA**

Plaintiff alleges that Defendants violated the Health Insurance Portability and Accountability Act (HIPAA) by discussing his criminal case and mental health status. HIPAA generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22. HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

The Second Circuit has noted that "[i]t is doubtful that HIPAA provides a private cause of action," *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015), and district courts in this circuit have uniformly held that it does not. *See, e.g., Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of

action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (holding that individuals cannot sue to enforce HIPAA or seek damages caused by such disclosures).

Because HIPAA does not provide a private cause of action allowing an individual suit, Plaintiff's claim that Defendants discussed his mental health status, without more, does not state a § 1983 claim.

**E.      Claims Arising at Great Meadow**

Plaintiff alleges that in May 2020, C.O. Edge and other officers assaulted him at Great Meadow Correctional Facility (the Great Meadow claim). Great Meadow is in Washington County, which is located in the Northern District of New York. Thus, venue for the Great Meadow claim does not appear to be proper in this District. *See generally* 28 U.S.C. § 1391(b).

Moreover, the Great Meadow claim appears to be wholly unrelated to Plaintiff's claims arising at Green Haven and WCMC. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Plaintiff provides few facts about what occurred in connection with the Great Meadow claim. Rather than direct Plaintiff to provide additional facts to support this claim, the Court dismisses Plaintiff's claims without prejudice to any complaint he may file in the Northern District of New York about what occurred at Great Meadow.

**F.      Current Detention**

Plaintiff alleges that several defendants improperly threatened to violate his parole unless agreed to go to a residential program, and he further asserts that his parole was violated because

of bias. In setting forth these claims, Plaintiff may be seeking to challenge the lawfulness of his current civil detention at the Bronx Psychiatric Center.

Any challenge to the term of Plaintiff's confinement rather than the conditions surrounding may be properly brought in a *habeas corpus* petition under 28 U.S.C. § 2254. *See Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of habeas corpus pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution); *Roache v. McCulloch*, No. 19-CV-1069, 2019 WL 4327271, at *3 (N.D.N.Y. Sept. 12, 2019).

If Plaintiff is raising such a challenge, he must show that he has fully exhausted his state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement means that the state courts must be given the first opportunity to review constitutional errors associated with Plaintiff's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).[2] Moreover, under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the petition must set forth the grounds for seeking relief and the facts supporting each ground. A petition must permit the Court and the respondent to comprehend both the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

---

[2] Plaintiff must allege that he has challenged his current civil confinement in state court by filing a petition for discharge in the appropriate state court, *see* N.Y. Mental Hygiene Law § 10.09 (setting forth procedures for challenging an Article 10 commitment order); a state-court *habeas corpus* petition, *see* N.Y. C.P.L.R. §§ 7001-7012; or an appeal in the appropriate state appellate court.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-7520 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    October 20, 2020
          New York, New York

                                  *Louis L. Stanton*
                                      Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Prison Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing: _____