UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM THOMAS,

                              Plaintiff,

           -against-

JOHN MORLEY, et al.,

                             Defendants.

20-CV-7520 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

        Plaintiff, currently detained at the Bronx Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated September 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

        Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants New York State Department of Corrections and Community Supervision (DOCCS) Chief Medical Officer John Morley; DOCCS Regional Health Services employees Susanna Nayshuler, Colleen Quackenbush, and Tracey Blatney; Green Haven Correctional Facility (GHCF) Deputy Superintendent of Health Vernon Baldwin; GHCF "FHSD" Robert Bentivegna; GHCF Corrections Officers (CO) Toll, Quarche, Carabello, and Edge; GHCF physician's assistant Dora Barrito; GHCF "DSS" Russo; GHCF Senior Offender Rehabilitation Coordinator (SORC) Griffen; GHCF Offender Rehabilitation Coordinator (ORC) Morales; GHCF Office of Mental Health (OMH) Deputy Superintendent Medbury; and Westchester County Medical Center doctors

Fullerton and Harvey Lewit, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:    February 11, 2021
          White Plains, New York

                                              PHILIP M. HALPERN
                                             United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. John Morley, Chief Medical Officer
   N.Y.S. Department of Corrections and Community Supervision (DOCCS)
   1220 Washington Avenue
   Albany, New York 12226

2. Susanna Nayshuler
   DOCCS Regional Health Service
   1220 Washington Avenue
   Albany, New York 12226

3. Colleen Quackenbush
   DOCCS Regional Health Service
   1220 Washington Avenue
   Albany, New York 12226

4. Tracey Blatney
   DOCCS Regional Health Service
   1220 Washington Avenue
   Albany, New York 12226

5. Vernon Baldwin, Deputy Superintendent of Health
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

6. Robert Bentivegna, FHSD
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

7. Corrections Officer (CO) Toll
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

8. CO Quarche
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

9. CO Carabello
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

10. CO Edge
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

11. Dora Barrito, Physician's Assistant
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

12. DSS Russo
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

13. Griffen, Senior Offender Rehabilitation Coordinator
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

14. Morales, Offender Rehabilitation Coordinator
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

15. Medbury, Office of Mental Health, Deputy Superintendent
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582

16. Dr. Fullerton
    Westchester County Medical Center
    100 Woods Road
    Valhalla, New York 10595

17. Dr. Harvey Lewit
    Westchester County Medical Center
    100 Woods Road
    Valhalla, New York 10595